## The Methodist Episcopal Union Church *vs.* Picket.

In an action brought by a religious society, the plaintiffs must prove their corporate existence, if the fact is denied.

What is sufficient proof of the incorporation. Herein of the form and requisites of the certificate of incorporation.

Where a certificate of incorporation was dated May 15, 1826, and it was proved that certain persons were trustees of the society in 1850; that the society then had a house of worship; and that a subscription paper was then circulated, for the purpose of raising funds to remove the old house and erect another in its place; *Held* that this evidence warranted the conclusion that the society had, ever since the date of the certificate, acted under it as a corporation.

It is not required by the statute that a certificate of incorporation shall embrace any thing but the names of the persons elected trustees, and the name by which the trustees and their successors are thereafter to be called and known. Hence, although it is manifestly proper to show therein that all the requirements of the statute have been followed, the omission of particulars not necessary by the statute to be stated does not affect the validity of the certificate.

And it seems that a compliance with the statute, in the particulars not required to appear in the certificate, may in the absence of any proof to the contrary, be presumed or inferred from the certificate, duly acknowledged and recorded, and user under it; especially where that user has continued for nearly thirty years.

Although a certificate states that the presiding officers of the meeting at which trustees were elected, were chosen by a *plurality* of votes, when the statute requires those officers to be nominated by a *majority* of the members present, it will be presumed or inferred that the selection was according to the statute, if the certificate does not negative the fact that the officers were nominated by a majority, and the contrary is not proved.

A provision, in an agreement to pay money for the erection of a church, that the slips shall be sold at auction, to the highest bidder, upon the completion

Methodist Episcopal Union Church *v.* Picket.

of the house, and that moneys subscribed may be applied in payment of bids, is not inoperative, so as to render subscriptions void.

Such provision for a sale is to be construed as meaning such a sale as the trustees are authorized by law to make, viz. a demise and lease of the slips.

A resolution of the trustees of a religious society, that the subscribers "be required to pay their respective subscriptions in full, and that the clerk call upon them and procure the payment," is a sufficient determination by the trustees, as to the time of payment; the effect of it being that payment shall be made immediately.

MOTION by the defendant for a new trial, upon exceptions taken at the circuit. The action was brought to recover the sum of $100, the amount subscribed by the defendant towards the erection of a new church edifice by the plaintiffs, in the village of Lyons. The subscription paper, signed by the defendant and others, contained a provision that, on the completion of the house, the slips should be sold at auction, to the highest bidder ; and that all sums subscribed and paid, might be applied by the subscribers or their assigns, upon the bids made at the sale of the slips. The cause was tried at the circuit in Wayne county, in April, 1853, before Justice WELLES. The jury found a verdict for the plaintiff, for $114, the amount of the defendant's subscription with interest.

*Wm. Clark,* for the plaintiffs.

*J. T. Mackenzie,* for the defendant.

*By the Court,* T. R. STRONG, J. It was incumbent on the plaintiffs to prove their corporate existence ; and, with some hesitation, I have come to the conclusion that they have sufficiently done so. The mode of incorporation of a religious society prescribed by the third section of the "act to provide for the incorporation of religious societies," passed April 5, 1813, (3 *R. S.* 244,) under which section the plaintiffs claim to be incorporated, is, that the male persons of full age belonging to the society, are to assemble at the place where they statedly attend for divine worship, and by *plurality* of voices elect, not less than three nor more than nine persons, belonging to the society, as trustees ; of the

time and place of which election, the minister, or in case of his death or absence, one of the elders or deacons &c., and for want of such officers, any other person being a member or a stated hearer, &c. shall publicly notify the congregation, at least fifteen days before the election, which notification shall be given for two successive sabbaths, &c.; that on the day of election two of the elders or church wardens, and if there be no such officers, then two members, &c. to be nominated by a *majority* of the members present, shall preside at such election, receive the votes, be judges of the qualifications of electors, and the officers to return the names of the persons elected trustees, and the said returning officers shall immediately thereafter certify under their hands and seals, the names of the persons elected to serve as trustees, &c. in which certificate the name or title by which the said trustees and their successors shall forever thereafter be called and known shall be particularly mentioned and described," which certificate, being proved or acknowledged, is to be recorded; "and such trustees, and their successors, shall also thereupon by virtue of this act, be a body corporate by the name or title expressed in such certificate." For the purpose of proving their incorporation the plaintiffs gave in evidence a certificate, acknowledged the 6th of April, 1827, before a judge of the court of common pleas of Wayne county, and recorded in the clerk's office of said county, the 13th of the same month, of which certificate the following is a copy: "Agreeably to a law of the state of New York, passed on the 5th day of April, 1813, authorizing the incorporation of churches, the male members of the Methodist Episcopal Union Church, agreeable to public notice given, met on the fifteenth day of May, one thousand eight hundred and twenty-six, in the village of Lyons, Wayne county, state of New York, at their meeting house, and by plurality of votes chose Richard Jones and Orra Bennett to preside, then proceeded to the choice of five trustees. On canvassing the votes it was found the following persons were duly elected, viz. Richard Jones, Henry Lamson, John Smock, George Alexander, Orra Bennett. We the returning officers do certify that Richard Jones, Henry Lamson, John

Smock, George Alexander and Orra Bennett were legally elected trustees for the Methodist Episcopal Union Church in the village of Lyons, agreeable to a statute passed April 5th, 1813. Given under our hands and seals, this 15th day of May, 1826.

RICHARD JONES. [L. S.]

ORRA BENNETT. [L. S.]"

The only other evidence in the case upon the question of the corporate existence of the plaintiffs is, that certain persons were trustees of the plaintiffs' society in 1850; that the plaintiffs then had a house of worship; and that the subscription in question, of the defendant, in connection with the subscriptions of others, was for the purpose of removing that house and erecting another in its place; which evidence, beyond the certificate, warrants the conclusion that the plaintiffs, ever since the date of the certificate, have acted under it as a corporation. It will be observed that the certificate does not show the time, the place, in what manner, or by whom, notice of the meeting mentioned therein was given; and that it does not state that the persons appointed to preside were elders, or church members, or that there were no such officers, or that they were members of the society, &c. And it is objected that there being no direct proof of a compliance with the act in respect to notice, and the presiding officers, the plaintiffs have failed to show they are a corporation. I think this objection is not tenable. It is not required by the statute that the certificate embrace any thing but the names of the persons elected as trustees, and the name by which the trustees and their successors were thereafter to be called and known: and therefore, although it is manifestly proper to show therein that all the requirements of the statute have been followed, the omission of particulars not necessary by the statute to be stated, does not affect the validity of the certificate. And I think a compliance with the statute, beyond what is required to appear in the certificate, in the absence of any proof to the contrary, may be presumed or inferred from the certificate, duly acknowledged and recorded, and user under it, especially where that user has continued for almost thirty years. (*All Saints Church* v. *Lovett,* 1 *Hall's S. C. R.* 191.)

In respect to the presiding officers, the certificate states that they were chosen by a *plurality* of votes, and this is made another ground of objection to the validity of the incorporation of the plaintiffs.   By the statute, those officers are to be nominated by a *majority* of the members present.   The certificate does not negative the fact that they were nominated by a majority, nor is the contrary proved; it does not appear that any objection was made at the time that those officers were not properly chosen; and I think the doctrine above stated applies, and that it will be presumed or inferred the selection was according to the statute.

Another objection made to the certificate is, that it does not particularly mention and describe the name or title by which the trustees and their successors shall. forever thereafter be called and known; but I think the statements therein, that "the male members of the Methodist Episcopal Union Church" met &c., and that persons "were legally elected trustees for the Methodist Episcopal Union Church in the village of Lyons," &c., are a sufficient designation of the name of the corporation.   It was not necessary to state in the certificate, in words, that the corporation should forever thereafter be called and known by that name.

The words "in the village of Lyons," in the certificate, I do not understand to be part of the name of the corporation; they are a mere statement of the place where the corporation is located.

It is urged by the defendant, that the trustees could not legally sell the slips upon the completion of the house; therefore the provision in the paper subscribed by the defendant, for the sale of the slips, and permitting an application of the sums subscribed, on the bids, is inoperative; and hence the subscription of the defendant is void.   The provision for a sale must, I think, be construed to mean such a sale as the trustees might make by law—a demise and lease of the same.   The parties must be regarded as having understood the law as to the power of the corporation in that respect, and contracted in reference to it.

The resolution of the trustees, that the subscribers "be required to pay their respective subscriptions in full, and that the clerk call upon them and procure the payment," was a sufficient determination by the trustees as to the time of payment. The effect of it was, that the payment should be made immediately.

It follows that the motion for a new trial must be denied, and that the plaintiffs must have judgment on the verdict.

[Monroe General Term, December 1, 1856. *T. R. Strong, Welles* and *Smith,* Justices.]